CLATIE ALEXANDER v. THE STATE.

No. 3339. Decided November 25, 1914.

**Carrying Pistol—Sufficiency of the Evidence—Intent.**

Where, upon trial of unlawfully carrying a pistol, defendant claimed that she was greatly excited, etc., and that if she went out into the street with a pistol, she did so unconsciously, and the court submitted the defense of being on her own premises, etc., to the jury, there was no reversible error.

Appeal from the County Court of Ellis. Tried below before the Hon. J. C. Lumpkins.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*W. H. Fears* and *Clyde Winn* and *Will Hancock,* for appellant.—On question of innocent intent: Leonard v. State, 56 Texas Crim. Rep., 84, 119 S. W. Rep., 98; Miles v. State, 52 Texas Crim. Rep., 561, 108 S. W. Rep., 378; Huff v. State, 51 Texas Crim. Rep., 441, 102 S. W. Rep., 407; Schroeder v. State, 99 S. W. Rep., 1003; Cathey v. State, 5 S. W. Rep., 137; Fuller v. State, 58 Texas Crim. Rep., 449, 126 S. W. Rep., 569; Murphy v. State, 56 Texas Crim. Rep., 126, 119 S. W. Rep., 96.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of the offense of unlawfully carrying a pistol.

The evidence offered in behalf of the State clearly shows that appellant had a pistol on her person in the streets of the city of Waxahachie. Appellant testified in her own behalf and admitted that on the occasion when she was arrested for carrying a pistol she went to her safe and got a pistol and went to the front door of her store. She says she was greatly excited and mentally disturbed, and if she went out in the streets with the pistol she did so unconsciously. However, Messrs. Carlisle and Hull state positively that she did have the pistol out in the street.

There were no exceptions reserved to the introduction of any testimony. The defense, that if she did not go off her premises she would not be guilty, was affirmatively submitted by the court, he giving the special charge requested on that issue. Appellant in her brief asks: "If you are in your own house and have a pistol in your pocket and the house catches fire and you forget about having the pistol and you rush out onto the sidewalk which bounds and adjoins your lot, would you violate the law against carrying a pistol? The chances are that you would involuntarily rush out of the house—would unconsciously carry the pistol onto the sidewalk. If you should be in your own yard with a pistol in your pocket, and an automobile came rushing down the street and you should see a little child in the street that was walking out in front of the automobile, and you should rush out of your front gate and onto the sidewalk and out into the street to rescue the child from danger, you forgetting for the instant about having the pistol in your pocket, would you be guilty of unlawfully carrying arms and thereby subject to a fine of $100 and costs or thirty days in jail and costs or a fine of $100 and thirty days in jail and costs? Would this make a criminal out of you? If you should be on your own lot with a pistol and should accidentally back off onto the sidewalk, would you be guilty of carrying a pistol? Or if you were on your own lot and near your own line, with a pistol, and should get overbalanced and

fall over onto the sidewalk, would you be guilty of carrying a pistol? Or if you are near your own line with a pistol and the wind should blow and overbalance you, or some person should shove you and you fell over on the sidewalk with the pistol, would you be guilty of violating the law against carrying a pistol?"

As there is no evidence that a wind was blowing that day, nor that her house caught on fire, nor that an automobile came running by, or that she accidentally fell off or backed off her lot, we do not feel called upon to answer the questions propounded. If there was anything of that character occurred, appellant ought to have some evidence of it in the record.

The judgment is affirmed.

*Affirmed.*